This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40494

**THE ESTATE OF GREGORITA
SANCHEZ, by Personal Representative
Elizabeth Padilla,**

Plaintiff-Appellee,

v.

**TRACI MARTINEZ,**

Defendant-Appellant,

and

**ANY PERSON OR PERSONS OR
ENTITITES WHO CLAIM ANY
RIGHT OR INTEREST IN THE
SUBJECT PROPERTY,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY
Bradford Dalley, District Court Judge**

Brandt Thrower Law Firm, P.C.
Brandt Thrower
Farmington, NM

for Appellee

Proudlaw, PLLC
Jules August Grandjean, II
Farmington, NM

for Appellant

**BOGARDUS, Judge.**

**{1}**    Defendant appeals from the district court's entry of final judgment in favor of Plaintiff. This Court issued a notice of proposed summary disposition, proposing to affirm. Defendant filed a memorandum in opposition to the proposed summary disposition, and Plaintiff filed a memorandum in support, which we have duly considered. Unpersuaded that the calendar notice was in error, we affirm.

**{2}**    Our notice proposed to affirm based on our suggestions that: (1) Defendant failed to preserve her claim that the district court erred in deeming Plaintiff's requests for admission, unanswered by Defendant, as admitted, and that in the absence of any claim that Defendant was not served with the requests for admission, the issue lacked merit; (2)-(3) Defendant failed to preserve her claim that the district court erred in admitting the transcript of a witness deposition at trial, and that Defendant was not entitled to cross-examine a witness in this civil case; and (4) to the extent Defendant contended that the district court improperly denied her an opportunity to object to Plaintiff's proposed form of judgment when the district court filed the judgment one day prior to the close of the ten day period that it provided for objections to the judgment, her arguments were again unpreserved, as well as unclear. [CN 1-5]

**{3}**    In her memorandum in opposition, Defendant generally repeats many of her arguments. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. To the extent she repeats the same arguments, we affirm for the reasons stated in the proposed disposition. To the extent she does not contest proposed resolutions of several of her issues, we deem those issues abandoned. *See Griffin v. Thomas*, 1997-NMCA-009, ¶ 7, 122 N.M. 826, 932 P.2d 516 ("[A]n issue is deemed abandoned where a party fails to respond to the calendar notice's proposed disposition of the issue.").

**{4}**    Defendant does now frame some of her arguments somewhat differently in response to the calendar notice. First, she contends that not receiving a hearing about the requests for admission constituted plain error. [MIO1-2] *See* Rule 12-321(B)(2)(b) NMRA (including, as an exception from the general preservation requirement, issues of plain error); *State v. Paiz*, 1999-NMCA-104, ¶ 28, 127 N.M. 776, 987 P.2d 1163 ("[T]he plain error rule is to be used sparingly.  It is an exception to the rule that parties must raise timely objection to improprieties at trial, a rule which encourages efficiency and fairness." (citation omitted)). "The rule of plain error applies to errors that affect substantial rights of the accused and only applies to evidentiary matters." *State v. Dartez*, 1998-NMCA-009, ¶ 21, 124 N.M. 455, 952 P.2d 450. Defendant, who is not criminally accused in this civil case, has not demonstrated how her substantial rights were affected beyond asserting, without supporting authority, that "due process rights to

notice and hearing" and "fundamental rights as a litigant" were implicated. [MIO 2, 5] We are not persuaded that she has demonstrated that plain error applies as an exception to preservation. [CN 3] Defendant's attempt to distinguish the facts of *Muse v. Muse*, 2009-NMCA-003, ¶ 32, 145 N.M. 451, 200 P.3d 104 (reasoning that the remedy for an order that was improperly entered for lack of notice is to file a motion to vacate the order, and a party cannot complain on appeal when no such motion is filed), does not persuade us that our proposal that Defendant has failed to preserve this issue was in error. We reiterate that Defendant does not claim that she did not receive the requests for admission and therefore, even if preserved, her claim lacks merit.

{5}     Defendant also now argues that the district court erred in admitting deposition testimony because the transcript was mailed to her one hour before trial and that Plaintiff "reveal[ed]" on appeal that the witness was located in Las Vegas at the time of trial. [MIO 3] Again, this issue was unpreserved below, and Defendant does not demonstrate that that any exceptions to preservation apply in this context. Without further development or support, we are unpersuaded that Defendant has demonstrated error as to this issue.

{6}     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

{7}     **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**JANE B. YOHALEM, Judge**